IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0307-09






RONALD WILSON, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


BEXAR COUNTY





 Meyers, J., filed a dissenting opinion.


DISSENTING OPINION 



 The majority states the issue as: "whether article 38.23 of the Code of Criminal
Procedure bars the admissibility of a confession if the interrogating officer fabricates
documentary evidence in violation of Texas Penal Code section 37.09 and uses it to
persuade a suspect to confess." Article 38.23 prohibits the admission of evidence
obtained by an officer in violation of Texas law. Code Crim. Proc. Ann. art. 38.23. The
law the majority and the court of appeals have deemed violated reads, "A person commits
an offense if, knowing that an investigation or official proceeding is pending or in
progress, he . . . makes, presents, or uses any record, document, or thing with knowledge
of its falsity and with intent to affect the course or outcome of the investigation or official
proceeding." Penal Code Ann. § 37.09. 

 The problem with the majority's conclusion is that in order for article 38.23 to bar
the admission of Appellant's confession, Detective Roberts would have to be guilty of
violating section 37.09; and, I do not believe he could be found guilty of violating that
statute. 

 Although Detective Roberts was not convinced of Appellant's involvement in the
shooting and knew that there were no legible prints lifted off the magazine found at the
scene, the detective presented a "Forensic Latent Print Report" to Appellant upon
entering the interrogation room. The detective testified that, in preparation for the
interview, he created the document, which he knew to be false. The document stated:

 Examination of Item 1 revealed the Two Latent Prints lifted from the
Firearm Magazine belong to those of Ronald Wilson, a Black Male with the
date of birth 11-13-84 . . . .


But the detective's educated guess as to the source of the prints turned out lucky:
Appellant admitted shooting the victim. The detective's report was not wrong because
even though it stated that there were identifiable latent prints lifted when in fact there
were no legible prints, Appellant did shoot the victim. And that fact makes it highly
likely that the unidentifiable prints on the magazine were indeed his. 

 Because Detective Roberts could not be convicted of Tampering with or
Fabricating Physical Evidence, I respectfully dissent. The trial court did not abuse its
discretion in denying the motion to suppress, and therefore, I would reverse the court of
appeals and affirm the trial court's judgment.

 Meyers, J.


Filed: March 3, 2010

Publish